# IN THE COURT OF APPEALS OF IOWA

No. 24-1905
Filed August 20, 2025

**MICHAEL FARLEY,**
        Plaintiff-Appellant,

**vs.**

**CITY OF COGGON and THE BOARD OF TRUSTEES FOR COGGON MUNICIPAL LIGHT PLANT,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.


        A property owner appeals a summary-judgment ruling in a lawsuit against a municipal entity. **AFFIRMED.**


        Weijing Wu and Jackson C. Blais of Shuttleworth & Ingersoll, Cedar Rapids, for appellant.

        Jason C. Palmer and Ryan P. Tunink of Lamson Dugan & Murray LLP, West Des Moines, for appellee City of Coggon.

        Bradley J. Kaspar of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee Board of Trustees for Coggon Municipal Light Plant.


        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

This appeal concerns a dispute between Michael Farley and the City of Coggon and the Board of Trustees for the Coggon Municipal Light Plant (collectively "the City"). Farley filed a lawsuit against the City, claiming the City's agents cut down a 100-year-old tree, allowed others to collect the wood, and planned to build on Farley's land without his permission by using an existing public easement. Farley sought a temporary injunction to prevent the City from installing a substation. The district court denied injunctive relief based on Iowa Code section 306.46 (2023)—which permits a public utility to construct or install a utility facility within a public road right-of-way. The court found "it [wa]s not probable that Farley will succeed on the merits." The City then moved for summary judgment, and the court granted it on two separate bases: statutory qualified immunity under Iowa Code chapter 670 and on the merits under the statutory utility-facility easement provision codified at section 306.46.

Farley moved to reconsider, only challenging the qualified-immunity analysis. His only mention of section 306.46 was in reference to whether the City qualified as a "person" for purposes of chapter 670. The court denied reconsideration, solely addressing qualified immunity under chapter 670.

Farley appeals, and again his only argument concerns qualified immunity and chapter 670. Specifically, his brief only cites section 306.46 in discussing how to interpret chapter 670. The City points this out, urging that we affirm on the section-306.46 basis of the district court's ruling. Farley did not reply to this argument.

On our review, we agree Farley does not challenge the easement or that the City's actions were authorized by section 306.46. When a party fails to challenge an independent alternative ground of the ruling below, we are required to affirm on that basis. *See* 5 C.J.S. *Appeal & Error* § 839 (2025) ("Grounds that are not attacked as erroneous . . . are presumed binding and correct; the failure to attack alternative bases for judgment results in affirmance."). Because Farley does not challenge the basis of the ruling grounded in section 306.46, we presume it is binding and correct, and we affirm. *See id.* In doing so, we express no opinion on how we would resolve the merits if presented with adversarial briefing.

**AFFIRMED.**